UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KIMBERLY MARTIN,

          Plaintiff,

v.                                                     Case No.  5:06-cv-136-Oc-10GRJ

FOOD LION, LLC, KASH N' KARRY FOOD
STORES, INC., ROBERT T. TETI,

          Defendants.
_____

### **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff's Motion To Remand And Memorandum In Support. (Doc. 21.) Defendant, Kash n' Karry Food Stores, Inc. has filed a memorandum in opposition (Doc. 23) and, therefore, the matter is ripe for review. For the reasons discussed below, Plaintiff's Motion to Remand is due to be **GRANTED**.

### **I.  FACTUAL BACKGROUND**

On November 22, 2005, Plaintiff filed a complaint in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida against Food Lion, LLC ("Food Lion") and Kash 'n Karry Food Stores, Inc. ("Kash n' Karry") purporting to allege claims for hostile work environment and sexual harrassment under the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* On February 6, 2006, before the notice of removal was filed, Plaintiff filed an amended complaint in the state court action. In the Amended Complaint, Plaintiff dropped her

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

claims under Title VII, added Defendant Robert Teti as a party, and added claims for discrimination under the Florida Civil Rights Act[2] and a claim for battery under Florida law. On March 14, 2006, Defendants Food Lion and Kash 'n Karry were served with the Summons, a copy of the First Amended Complaint, and for the first time, a copy of the original Complaint.

Defendants Food Lion and Kash n' Karry filed a Notice of Removal on April 13, 2006 alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as the basis for removal, claiming that this Court has subject matter jurisdiction over the action because the original Complaint asserted federal claims.

After the case was removed, Defendants filed an answer to the First Amended Complaint on March 21, 2006. Subsequently, Plaintiff learned that Kash n' Karry, and not Food Lion, was Plaintiff's employer, which prompted Plaintiff to file a Second Amended Complaint on June 20, 2006 dropping Food Lion as a defendant. On July 18, 2006 the Court conducted a preliminary pretrial conference and thereafter issued its Case Management and Scheduling Order. Plaintiff did not file the instant Motion to Remand until December 4, 2006.

Plaintiff asserts that this case should be remanded to state court because the claims in the First Amended Complaint - and not the claims in the original Complaint - govern removal jurisdiction.  Furthermore, Plaintiff argues that because the focus of her challenge to the propriety of removal concerns the issue of whether this Court has

---

[2] Fla. Stat. §§ 760.01, *et. seq.*

2

subject matter jurisdiction, the Plaintiff was not required to file her motion to remand within thirty days of the filing of the notice of removal.

Defendant argues that removal was proper maintaining that Plaintiff's original Complaint filed in state court was the "initial pleading" for purposes of the removal statute, 28 U.S.C. § 1446(b). Further, Defendant suggests that Plaintiff's request for remand should be denied because Plaintiff's participation in this case waived her right to seek remand and highlights the fact that Plaintiff is engaging in forum-shopping.

## II.  REMOVAL STANDARDS

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress."[3] A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally."[4] District courts have original jurisdiction over federal question cases, pursuant to 28 U.S.C. §1331.

Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed.[5] Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly

---

[3] University of South Alabama v. The American Tobacco Company, 168 F.3d 405, 409 (11th Cir. 1999).

[4] Darden v. Ford Consumer Finance Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).

[5] Kirkland v. Midland Mortgage Company, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001).

and doubts about jurisdiction should be resolved in favor of remand to state court.[6] Indeed, "[*a*] *presumption in favor* of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."[7]

### III.  DISCUSSION

The primary issue presented by the parties and which this Court must resolve is whether the claims asserted in the Amended Complaint or the claims asserted in the original Complaint - both of which were filed in the state court proceeding before the case was removed - govern the propriety of removal.[8]

Pursuant to 28 U.S.C. § 1441(a), a district court has removal jurisdiction if the case originally could have been brought in the district court. The removal statute further provides two distinct time limits for filing a notice of removal. The first sentence of §1446(b) provides that "the notice of removal ... shall be filed within thirty days after the receipt by the defendant, through service ... of ... the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... " This section goes on to provide in the second sentence that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt ... of ... an

---

[6] Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 117 S.Ct 1349, 520 U.S. 1162, 137 L.Ed. 2d 506.

[7] Klempner v. Northwestern Mutual Life Insurance Company, 196 F.Supp.2d 1233, 1237 (S.D. Fla. 2001) (internal citations omitted).

[8] Although Plaintiff's motion to remand was filed more than 30 days after Defendants filed their notice of removal, the motion to remand is not untimely because Plaintiff's challenge is to the Court's subject matter jurisdiction which is an exception to the 30 day requirement of 28 U.S.C. § 1447(c)( "[a] motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

amended pleading ... " The operation of the removal statute is therefore rather simple. A party must file a notice of removal within thirty days of the service of the initial complaint, if the allegations in the initial complaint raise federal subject matter jurisdiction. If the allegations in the initial complaint do not raise federal subject matter jurisdiction, and then subsequently an amended complaint is filed which raises for the first time federal subject matter jurisdiction, then a party has thirty days from the date of service of the amended complaint to file a notice of removal.

The situation in this case presents a different twist on the typical situation where a party amends its claims in state court to add a federal claim. Here, the original complaint - which was not initially served - raised a federal claim but the federal claim was removed from the amended complaint.

Seizing upon the language "initial pleading" in §1446(b), Defendant argues that because the original complaint was the "initial pleading" and the initial pleading contained a federal claim it was entitled to file its notice of removal within thirty days of service of the original complaint and therefore its removal was proper.

While Defendant's argument may have superficial appeal, upon closer examination, the argument fails because it ignores the effect of a properly served amended pleading on the existing claims in the case. Moreover, Defendant's argument is contrary to the well settled principle that the Court looks to plaintiff's pleadings at the time of removal. And Defendant's interpretation of the removal process is contrary to a legion of cases from other districts which have concluded that a properly filed amended complaint in state court before removal is the operative complaint for purposes of removal jurisdiction.

Turning first to the issue of which claims were pending in state court at the time of removal, the Court must examine the Florida Rules of Civil Procedure and the timing surrounding the filing of the complaint and amended complaint. The original complaint was filed in state court on November 22, 2005 but was not served on the Defendants until March of 2006. Therefore, because the right to remove the case is not triggered until the complaint is served upon the Defendant, the original complaint did not obligate the Defendants to file a notice of removal.

Subsequently, however, on February 6, 2006, Plaintiff filed the Amended Complaint, which dropped all of the federal claims. As is the case under Rule 15 of the Federal Rules of Civil Procedure, the Plaintiff was entitled under the Florida Rules of Civil Procedure to file an amended complaint without leave of court or without the consent of the Defendants because none of the Defendants had served a responsive pleading.[9] Once the Amended Complaint had been filed in state court the Amended Complaint superseded the original complaint so that the existing claims in the state case - at the time of removal - consisted only of the claims in the Amended Complaint.[10] Although the summons, original complaint and amended complaint all were served upon the Defendants at the same time, the fact remains that on the date the notice of removal

---

[9] Rule 1.190(a) of the Florida Rules of Civil Procedure provides:
> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.

[10] *See, e.g.* State Farm Fire and Cas. Co. V. Trippett, 864 So.2d 31, 32 (Fla. Dist. Ct. App. 2003)("It is well established that an amended pleading supersedes an earlier pleading unless it expresses an intent to preserve portions of the earlier pleading."); Arthur v. Hillsborough County, 588 So.2d 236, 237 (Fla. Dist. Ct. App. 1991)("It is a long established rule of law that an original pleading is superseded by an amended pleading which does not indicate an intention to preserve any portion of the original pleading."). As expected this principle is the same under federal law. *See,* Flannery v. Recording Industry Ass'n of America, 354 F.3d 632, 638 n.1 (7th Cir. 2004)("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

was filed by the Defendants, the existing claims in the state court case only were those stated in the Amended Complaint - and that the Title VII claims had been eliminated from the state court case at the time of removal. Accordingly, the claims in this case at the time of removal did not include any claims over which this Court would have had subject matter jurisdiction.

The Court's conclusion that the amended complaint is the operative document, is well supported by a legion of cases from other districts, all of which have held that when a plaintiff properly files and serves an amended complaint in state court before removal, the amended complaint, and not the original complaint, controls for purposes of determining the propriety of removal.[11]

The more fundamental problem with the argument advanced by Defendant, is that it ignores the well settled view that the Court is required to analyze the propriety of removal based upon the pleadings on file at the time of removal.[12] While events that occur after the notice of removal has been filed cannot be used to determine the propriety of removal, here, Plaintiff's decision to abandon her federal claims was made *before* the pleadings were even served upon Defendants - and most importantly - was made before the notice of removal was filed.

---

[11] *See, e.g.* Merchant v. Hueser, 2006 WL 2246436 (W.D. Mo. Aug. 4, 2006)("Because [the] Amended Petition was properly filed, it will control the Court's analysis of the remand issue."); R.K. Services v. Spectrum Stores, Inc., 125 F. Supp. 2d 479, 480-81 (M.D. Ala. 2001)("In the absence of any evidence from the Defendant which indicates that the case was removed before the amendment was filed [in state court] .. this court does not have diversity jurisdiction … "); Bellinger v. Microsoft Corporation, 2000 WL 575021 (D. Kan. March 24, 2000)("Case law ... indicates that in ruling on a motion to remand, the district court must consider an amended complaint that has been filed at the time of removal.").

[12] St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) ("the time of removal is the critical jurisdictional juncture."); Poore v. American-Amicable Life Ins. Co. Of Texas, 218 F.3d 1287, 1289-91 (11th Cir. 2000).

The cases offered by Defendants in support of its theory that the claims in the original complaint should control do not change the result and are inapposite to the scenario in this case. In both *Golke v. Lee Lumber & Building Materials*[13] and *Frye v. General Finance Corporation*[14] the courts there remanded the actions to state court because the claims in the amended complaint did not alter or change the claims in the original complaint and the defendants had failed to file the notice of removal within 30 days of the service of the original complaints. While the courts in *Golke* and *Frye* did examine the original complaints they did so because the amended complaints did not change the content or substance of the claims in the original complaint. In contrast in this case the Plaintiff completely eliminated all federal claims from the Amended Complaint.

Defendants alternatively argue that even if the Court concludes that it lacks subject matter jurisdiction, the Court should not remand the action because the Plaintiff waived the right to seek remand of the case through her affirmative participation in this action in federal court, which consisted of filing a Second Amended Complaint, participating in the case management conference with counsel and attending the preliminary pretrial conference.

While the delay by the Plaintiff in seeking to remand this action is suggestive of forum shopping, nonetheless, the doctrine of waiver does not apply, as here, where the request to remand goes directly to the Court's subject matter jurisdiction. That is so

---

[13] 671 F. Supp. 568 (N.D. Ill. 1987)

[14] 35 B.R. 742 (N.D. Ill. 1983).

because a defect in the Court's subject matter jurisdiction can never be waived[15] while challenges to procedural deficiencies in removal are non-jurisdictional and therefore may be waived.[16] Accordingly, even though Plaintiff has delayed for a number of months before filing her motion to remand and participated to some degree in this case, because the basis for Plaintiff's motion to remand goes directly to the Court's subject matter jurisdiction the conduct of Plaintiff's counsel - and whether Plaintiff's counsel is engaging in forum shopping - does not excuse the fact that this Court simply does not have subject matter jurisdiction over the claims in this case. As such, the Court is required to remand this action to state court.

Lastly, Plaintiff seeks reimbursement of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objective reasonable basis exists, fees should be denied."[17] While

---

[15] American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000-01 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and ***cannot be waived or otherwise conferred upon the court by the parties***."))(University of South Alabama, 168 F.3d at 410-11 ("a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court."); In re Carter, 618 F.2d 1093, 1100 (5th Cir. 1980) ("If the asserted ground for remand is the federal court's lack of subject matter jurisdiction, the concepts of equity, waiver and estoppel are inapplicable.").

[16] O'Halloran v. University of Washington, 856 F.2d 1375, 1379 (9th Cir. 1988) (citing Libhart, 592 F.2d at 1065).The untimeliness of removal is a procedural defect. In re Uniroyal Goodrich Tire Company, 104 F.3d 322, 324 (11th Cir. 1997).

[17] Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005).

the Court has concluded, as explained above, that Defendant's arguments in support of the propriety of removal were unavailing, the Court does find that there was an objective reasonable basis for Defendant's arguments in support of removal and, accordingly, the Plaintiff's request for fees and expenses incurred as a result of the removal is due to be denied.

### IV.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 21) be **GRANTED,** that Plaintiff's request for attorney's fees and expenses under §1447(c) be **DENIED**  and that this action be **REMANDED** to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.[18]

**IN CHAMBERS** in Ocala, Florida, on January 24, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:
   The Honorable Wm. Terrell Hodges
   Senior United States District Judge

   Counsel of Record

---

[18]  Because the Court has recommended that Plaintiff's Motion for Remand be **GRANTED** Plaintiff's Motion For Leave To File Reply (Doc. 24) and Defendant's Motion To Strike Plaintiff's Motion For Leave To File A Reply (Doc. 25) are due to be **DENIED** as moot.